1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PAUL DAVIS,                          )
                                     )
                    Petitioner,      )        2:12-cv-00984-JCM-PAL
                                     )
vs.                                  )        **ORDER**
                                     )
D.W. NEVEN, *et al.*,                )
                                     )
                    Respondents.     )
_____/

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.  Before the court is respondents' motion to dismiss the first amended petition.  (ECF No. 21).

**I.  Procedural History**

On November 24, 2008, petitioner was convicted, pursuant to a jury trial, of burglary and possession of a controlled substance with intent to sell.  (Exhibit 30).[1]  Petitioner was adjudicated a habitual criminal and sentenced to life in prison with parole eligibility beginning after 10 years, plus a concurrent term of 19-48 months.  (*Id.*).  On February 3, 2010, petitioner's convictions were affirmed on direct appeal by the Nevada Supreme Court.  (Exhibit 44).

_____

[1]  The exhibits referenced in this order are found in the court's record at ECF Nos. 7, 9, & 10.

On February 15, 2011, petitioner filed a *pro se* post-conviction habeas petition in state district court.  (Exhibit 49).  On June 22, 2011, the state district court denied the petition.  (Exhibit 52).  On March 7, 2002, the Nevada Supreme Court affirmed the denial of the petition.  (Exhibit 59). Remittitur issued on April 3, 2012.  (Exhibit 60).

Petitioner initiated the instant action with a federal habeas petition signed on May 25, 2012. (ECF No. 1).  Petitioner raised four grounds in the original petition:

1.    Petitioner's Sixth and Fourteenth Amendment rights to the effective assistance of counsel, equal protection, and due process of law were violated because: (a) trial counsel failed to compel discovery or complete an adequate investigation; (b) trial counsel failed to elicit at trial that petitioner had a pre-existing antagonistic relationship with the victim; and (c) the state failed to preserve and provide him with photographic line-ups.

2.    Petitioner's Sixth Amendment right to the effective assistance of counsel was violated because trial counsel: (a) failed to highlight facts creating reasonable doubt at trial; (b) failed to interview police or the victim before trial; and (3) failed to seek a mistrial based on a jury instruction on a lesser offense.

3.    Petitioner's Eighth Amendment right to be free from cruel and unusual punishment was violated because his sentence of 10 years to life is disproportionate to his crimes.

4.    Petitioner's Sixth Amendment right to the effective assistance of counsel was violated because of the cumulative impact of counsel's errors.

(ECF No. 1).  Respondents filed a motion to dismiss the petition on December 12, 2012.  (ECF No. 6).  On February 8, 2013, petitioner filed a response to the motion to dismiss in which he requested leave to file an amended petition.  (ECF No. 14).  On the same date, petitioner's amended petition was filed by the clerk of court.  (ECF No. 13).  By order filed June 28, 2013, the court granted petitioner's motion to file the amended petition and denied respondents' motion to dismiss without prejudice.  (ECF No. 19).

The amended petition contains eight grounds for relief.  Petitioner claims the following:

1.    Petitioner's Fifth, Sixth, and Fourteenth Amendment right to the effective assistance of trial and appellate counsel was violated because: (a) trial counsel failed to compel discovery or investigate the loss of exculpatory evidence; (b) trial counsel failed to present a defense of mistaken identity; (c) trial counsel failed to subject the prosecution to meaningful adversarial testing through cross-examination and

2

1   objection; (d) trial counsel filed several motions that misstated the facts; and (e) trial
2   and appellate counsel failed to object to the admission of unsubstantiated prior
    convictions for the purpose of habitual criminal adjudication.

3       2.   Petitioner's Fifth, Sixth, and Fourteenth Amendment right to a fair trial was violated
4            because the trial court admitted evidence of an improper photo line-up and a tainted,
             in-court identification.

5       3.   Petitioner's Fifth, Sixth and Fourteenth Amendment rights to due process and a fair
6            trial were violated because the trial court failed to sever charges based on two separate
             events.

7       4.   Petitioner's Fourth Amendment right to be free from unconstitutional searches and
8            seizures was violated when the trial court denied his motion to suppress cocaine
             evidence recovered during the pat-down search.

9       5.   Petitioner's Fifth and Fourteenth Amendment rights to due process and a fair trial
10           were violated when a witness testified about prior bad acts and the trial court denied a
             motion for mistrial.

11      6.   Petitioner's Sixth and Fourteenth Amendment right to be informed of the charges
12           against him was violated when the trial court instructed the jury on an uncharged,
             lesser-included offense.

13      7.   Petitioner's Eighth Amendment right to be free cruel and unusual punishment was
14           violated by the sentence he received.

15      8.   Petitioner's Fifth, Sixth, and Fourteenth Amendment right to a fair trial was violated
             by the cumulative errors of the trial court.

16   (ECF No. 13).  Respondents have filed a motion to dismiss certain grounds of the amended petition.

17   (ECF No. 21).  Petitioner has filed an opposition to the motion.  (ECF No. 23).  Respondents have

18   filed a reply.  (ECF No. 24).

19   **II. Discussion**

20      **A. Timeliness Under the AEDPA and *Mayle* Relation-back**

21           Respondents argue that the first amended petition contains untimely claims that do not relate

22   back to the original petition.

23   / / / / / / / / / / /

24   / / / / / / / / / / /

25   / / / / / / / / / / /

26

3

## 1. AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions.  With respect to the statute of limitations, the habeas corpus statute provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).  Although 28 U.S.C. § 2244(d)(2) provides for tolling of the AEDPA statute of limitations when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," the filing of a federal petition does not toll the AEDPA statute of limitations.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

/ / / / / / / / / / /

/ / / / / / / / / /

4

**2. Timeliness Analysis of Original Petition and First Amended Petition**

In the present case, petitioner's judgment of conviction was entered on November 24, 2011. (Exhibit 30).  The Nevada Supreme Court's order, affirming the conviction on direct review, was filed on February 3, 2010.  (Exhibit 44).  Petitioner had ninety days from that date to seek *certiorari* with the United States Supreme Court.  *Bowen v. Roe*, 188 F.3d 1157, 1158-60 (9th Cir. 1999). Petitioner's conviction became final 90 days later, on May 4, 2010, at the expiration of the time period to file an application for certiorari with the United States Supreme Court.  *See Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999); 28 U.S.C. § 2244(d)(1)(A); Nevada Supreme Court Rules, Rule 13(1).  Petitioner then had one year in which to file the federal habeas petition, unless the time was otherwise tolled by federal statute.

Petitioner filed his state post-conviction habeas petition on February 15, 2011, which was 287 days after the finality date of his conviction.  (Exhibit 49).  The statute of limitations was tolled during the litigation of petitioner's state post-conviction habeas petition.  On March 7, 2012, the Nevada Supreme Court affirmed the denial of petitioner's state habeas petition.  (Exhibit 59). Remittitur issued on April 3, 2012.  (Exhibit 60).  The statute of limitations began running again on April 4, 2012, at which point there were 78 days remaining under the AEDPA statute of limitations. Petitioner signed and dispatched his original federal habeas petition on May 25, 2012,[2] with 27 days remaining under the AEDPA statute of limitations.  (ECF No. 1).  Thus, the original federal petition was timely filed.

When remittitur issued from the Nevada Supreme Court on April 3, 2012, tolling of the AEDPA statute of limitations ceased.  As a result, the limitations period expired 78 days later, on June 23, 2012.  The first amended petition was dispatched to this court on February 4, 2013.  (ECF

---

[2]   The original federal petition does not indicate the date on which petitioner mailed it to the court, but the petition is signed on May 25, 2012.  (ECF No. 1, at p. 20).  Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 270 (1988).  In this case, the court deems the petition filed on the date it was signed.

No. 13, at p. 1).  The first amended petition was filed well after the expiration of the AEDPA statute

of limitations.  28 U.S.C. § 2244(d)(1)(A).  Therefore, the court must determine if the claims raised

in the first amended petition relate back to the original petition, pursuant to *Mayle v. Felix*, 545 U.S.

644, 664 (2005).

### 3.  Relation-back Standard under *Mayle*

Under Federal Rule of Civil Procedure 15, an amended pleading "relates back" to the original

pleading only if the acts described in the amended pleading are set forth in the original pleading.

Fed. R. Civ. P. 15(c)(2).  An amended habeas petition only relates back if the amended claims are

tied to the "same core of operative facts" as alleged in the original petition.  *Mayle v. Felix*, 545 U.S.

644, 664 (2005).  In *Mayle*, the petitioner originally raised only a Confrontation Clause claim in his

habeas petition, based on the admission of video-taped prosecution witness testimony.  545 U.S. at

648-49.  After the one-year AEDPA statute of limitations had passed, petitioner then sought to

amend his habeas petition to allege a Fifth Amendment claim based on coercive police tactics used

to obtain damaging statements from him.  *Id.*  The factual basis for each claim was distinct.

Petitioner then argued that his amended claim related back to the date of his original habeas petition

because the claim arose out of the same trial, conviction or sentence.  *Id.* at 659-661.  In rejecting

petitioner's argument the Supreme Court held that if "claims asserted after the one-year period could

be revived simply because they relate to the same trial, conviction, or sentence as a timely filed

claim, AEDPA's limitation period would have slim significance."  *Id.* at 662.

The *Mayle* decision placed particular emphasis on the specific pleading requirement in Rule

2(c) of the Rules Governing Section 2254 Cases in the United States District Courts and the word

"occurrences" within Fed. R. Civ. P. 15(c).  The focus of Rule 2(c) of the federal habeas rules and

the fact that notice pleading is insufficient to satisfy the specific pleading requirement demonstrates

that conclusory allegations from the original petition that do not point to any specific facts that, if

proven to be true, would entitle a petitioner to relief may not be relied upon for relation back

purposes in the habeas context.  *Mayle*, 545 U.S. at 656-61.  In other words, the amended claim must rely on a common core of operative facts as the facts pled in the original petition.  If the original petition is merely conclusory and fails to point to operative facts – facts that would entitle the petitioner to relief if proven to be true – the conclusory allegations from the original timely petition are insufficient to satisfy *Mayle*'s standard for relation back.

The *Mayle* Court's focus on the word "occurrences" and its relationship to the specific pleading requirement demonstrates that the key focus of the *Mayle* standard is whether the claims in an untimely amended petition rely on a factual predicate that differs in time or type from the factual predicate that underlies the claims in the original, timely petition.  *Id.; see also Schneider v. McDaniel*, 674 F.3d 1144, 1151-52 (2012).  Furthermore, that a claim shares some facts in common with previous claims is insufficient; the entire factual predicate of the amended claim must relate back to the original petition to avoid dismissal under 28 U.S.C. § 2244(d).  *Schneider*, 674 F.3d at 1151.  Accordingly, any claims relying on a factual predicate that are not related in both time and type to the facts pled in the original petition will not relate back and are time-barred.

### 4. Application of *Mayle* Relation-back to First Amended Petition

Respondents assert that grounds 2, 3, 4, 5, 6, and 8 of the first amended petition do not relate back to the original petition.

### a. Ground 2

Ground 2 of the first amended petition alleges that petitioner's right to a fair trial was violated because the trial court admitted evidence of an improper photo lineup and a tainted in-court identification.  (ECF No. 13, at pp. 6-8).  The original petition asserted that the prosecution violated petitioner's due process rights by withholding the photo lineup (ECF No. 1, at pp. 5-6) and that petitioner's trial counsel was ineffective for failing to investigate and challenge the photo lineup at trial (ECF No. 1, at pp. 9-10).  These claims do not share a common core of operative facts because they challenge different actions by different actors.  The original petition challenges the actions of

the prosecution for failing to turn over the photo lineup, and the actions of petitioner's counsel for failing to properly investigate and obtain the photo lineup from the prosecution.  In contrast, the first amended petition challenges the actions of the trial court in admitting the photo lineup.  The core facts that support a claim of ineffective assistance of counsel, as alleged in the original petition, are different in type and time from the facts that support a claim of trial court error, as alleged in the first amended petition. *See Schneider*, 674 F.3d at 1151.  The allegations of ground 2 of the first amended petition do not relate back to the claims in the original petition.  As such, ground 2 of the first amended petition is untimely and must be dismissed.

### b. Ground 3

Ground 3 of the first amended petition claims that the trial court violated petitioner's due process rights by failing the sever the charges against him. (ECF No. 13, at pp. 10-11).  This claim was not raised in the original petition. (ECF No. 1).  Ground 3 of the first amended petition does not relate back to the original petition, and must be dismissed as untimely.

### c. Ground 4

Ground 4 of the first amended petition claims that the trial court erred by denying petitioner's motion to suppress evidence of cocaine that was recovered during a pat-down search. (ECF No. 13, at pp. 13-15).  This claim was not raised in the original petition. (ECF No. 1).  Ground 4 of the first amended petition does not relate back to the original petition, and must be dismissed as untimely.

### d. Ground 5

In ground 5 of the first amended petition, petitioner claims that his constitutional rights were violated by witness testimony about prior bad acts and the trial court's subsequent denial of a mistrial. (ECF No. 13, at pp. 17-19).  This claim was not raised in the original petition. (ECF No. 1).  Ground 5 of the first amended petition does not relate back to the original petition.  Ground 5 must be dismissed as untimely.

/ / / / / / / / / /

8

### e.  Ground 6

Ground 6 of the first amended petition alleges that petitioner's constitutional rights were violated when the trial court gave a jury instruction on a lesser-included offense.  (ECF No. 13, at pp. 21-23).  In the original petition, petitioner claimed that his trial counsel was ineffective for failing to object to the instruction or request a mistrial after the instruction was given.  (ECF No. 1, at pp. 11-13).  The claims of a trial court error and a claim of ineffective assistance of counsel are not based on a common core of operative facts.  *See Schneider*, 674 F.3d at 1151.  Ground 6 of the first amended petition does not relate back to the original petition.  As such, ground 6 of the first amended petition is untimely and must be dismissed.

### f.  Ground 8

In ground 8 of the first amended petition, petitioner claims that his constitutional rights were violated by the cumulative impact of the trial court's errors.  (ECF No. 13, at pp. 28-29).  In the original petition, petitioner claimed that his constitutional rights were violated by the cumulative impact of his trial counsel's errors, constituting the ineffective assistance of counsel.  (ECF No. 1, at pp. 17-18).  Petitioner's claims of cumulative error in the original petition and in the first amended petition are based on different actions by different actors.  For the same reasons that claims of trial court error do not relate back to claims of ineffective assistance of counsel, *see Schneider*, 674 F.3d at 1151, claims of cumulative trial court error do not relate back to claims of cumulative instances of ineffective assistance of counsel.  Ground 8 of the first amended petition does not relate back to the original petition and must be dismissed as untimely.

**B.  Ground 2 is Procedurally Barred**

Respondents also assert that the claim made in ground 2 of the first amended petition is procedurally barred.

/ / / / / / / / / / /

/ / / / / / / / / / /

**1.  Procedural Default Standard**

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).  The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

**2.  Ground 2 of the First Amended Petition was Procedurally Defaulted on Independent and Adequate State Law Grounds**

In ground 2 of the amended petition, petitioner claims that his constitutional rights were violated when the trial court admitted evidence of an improper photo lineup and a tainted in-court identification.  (ECF No. 13, at pp. 6-8).  Petitioner raised the exact same claim in his state habeas petition.  (Exhibit 49, at pp. 9-11).  On appeal from the denial of petitioner's state habeas petition, the Nevada Supreme Court found this claim procedurally defaulted.  The Nevada Supreme Court cited NRS 34.810(1)(b)(2), and ruled:

> Next, appellant claimed that the district court erred by allowing an improper photo line-up and the subsequent in-court identification and that the district court erred by allowing the State's expert to testify without giving notice.  These claims could have been raised on direct appeal and are waived absent a demonstration of good cause and prejudice.  NRS 34.810(b).  Appellant failed to demonstrate good cause and prejudice; therefore, the district court did not err in denying these claims.

10

1    (Exhibit 59, at p. 3).  The Ninth Circuit Court of Appeals has held that, at least in non-capital cases,

2    application of the procedural bar at issue in this case – NRS 34.810 – is an independent and adequate

3    state ground.  *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179

4    F.3d 1207, 1210-12 (9th Cir. 1999).  This court finds that the Nevada Supreme Court's holding that

5    the claim raised in ground 2 of the first amended petition was procedurally barred under NRS 34.810

6    was an independent and adequate state law ground for the court's dismissal.

7                    **3. Cause and Prejudice**

8            To demonstrate cause for a procedural default, the petitioner must be able to "show that some

9    *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule.

10   *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have

11   prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

12   Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default.

13   *Murray*, 477 U.S. at 488.  However, for ineffective assistance of counsel to satisfy the cause

14   requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented

15   to the state courts.  *Murray*, 477 U.S. at 488-89.  In addition, the independent ineffective assistance

16   of counsel claim cannot serve as cause if that claim is procedurally defaulted.  *Edwards v. Carpenter*,

17   529 U.S. 446, 453 (2000).  If the petitioner fails to show cause, the court need not consider whether

18   the petitioner suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v.

19   Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

20           Petitioner has not addressed the issue of procedural default and has not asserted any reason

21   for his failure to properly raise this claim on direct appeal.  Neither the petition itself, nor petitioner's

22   other filings, address the procedural default of ground 2 or asserts any argument of cause and

23   prejudice to excuse the procedural default.  This court finds that ground 2 of the first amended

24   petition was procedurally defaulted in state court, and petitioner has failed to show cause and

25

26

1   prejudice to excuse the procedural default.  As such, the claim is barred from review by this court,

2   and will be dismissed.

3   **C. Ground 4 is Barred by *Stone v. Powell***

4   Ground 4 of the first amended petition alleges that petitioner's Fourth Amendment rights

5   were violated when the trial court denied his motion to suppress evidence of cocaine that was

6   discovered during a pat-down search conducted by the police.  (ECF No. 13, at pp. 13-15).

7   Respondents assert that ground 4 of the amended petition is barred by the decision in *Stone v.*

8   *Powell*, 428 U.S. 465 (1976).

9   Where a state has provided a defendant with a full and fair opportunity to litigate a Fourth

10   Amendment claim, "a state prisoner may not be granted federal habeas corpus relief on the ground

11   that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v.*

12   *Powell,* 428 U.S. 465, 495 (1976); s*ee also Kuhlmann v. Wilson,* 477 U.S. 436, 446-47 (1986).  The

13   Supreme Court has determined that excluding Fourth Amendment claims from habeas corpus review

14   created no danger that the courts would deny a safeguard against compelling an innocent man to

15   suffer an unconstitutional loss of liberty because a convicted defendant seeking review of a Fourth

16   Amendment claim on collateral review is "usually asking society to redetermine an issue that has no

17   bearing on the basic justice of his incarceration." *Kuhlmann,* 477 U.S. at 447.

18   In ground 4 of the amended petition, petitioner asserts that his Fourth Amendment rights

19   were violated when the trial court denied his motion to suppress evidence of cocaine that was

20   discovered during a pat-down search conducted by the police.  (ECF No. 13, at pp. 13-15).  It is clear

21   from the record that petitioner was given a full and fair opportunity to litigate his Fourth Amendment

22   claim before the state courts.  *See Terrovona v. Kinchloe,* 912 F.2d 1176 (9th Cir. 1990); *Abell v.*

23   *Raines,* 640 F.2d 1085 (9th Cir. 1981).  Specifically, petitioner filed a motion to suppress the cocaine

24   found during the pat-down search.  (Exhibit 19).  Petitioner's motion was denied by the state district

25   court.  (Exhibit 20).  Petitioner raised the Fourth Amendment claim in his opening brief on direct

26

appeal to the Nevada Supreme Court.  (Exhibit 37, at pp. 5-7).  The Nevada Supreme Court's order of February 3, 2010, affirmed the district court's denial of petitioner's motion to suppress.  (Exhibit 44, at p. 2).  The Fourth Amendment claim raised in the federal habeas petition was exhaustively litigated in the state court below.  Because petitioner had the opportunity to fully and fairly litigate the Fourth Amendment claim that he now presents in ground 4 of his first amended petition, this court is precluded from reviewing that claim and it will be dismissed.

**III.  Conclusion**

IT IS THEREFORE ORDERED that the respondents' motion to dismiss (ECF No. 21) is **GRANTED** as follows:

    **1.**    **Grounds 2, 3, 4, 5, 6, and 8 of the first amended petition are DISMISSED WITH PREJUDICE as untimely.**

    **2.**    **Ground 2 of the first amended petition is DISMISSED WITH PREJUDICE as procedurally barred.**

    **3.**    **Ground 4 of the first amended petition is DISMISSED WITH PREJUDICE pursuant to *Stone v. Powell*, 428 U.S. 465 (1976).**

    **4.**    **This action SHALL PROCEED on grounds 1 and 7 of the first amended petition.**

IT IS FURTHER ORDERED that respondents **SHALL FILE AND SERVE AN ANSWER** to grounds 1 and 7 of the first amended petition within **thirty (30) days** from the entry of this order.  The answer shall include substantive arguments on the merits of grounds 1 and 7 of the first amended petition.  **No further motions to dismiss will be entertained**.

IT IS FURTHER ORDERED that petitioner **SHALL FILE AND SERVE A REPLY** to the answer, within **thirty (30) days** after being served with the answer.

Dated this ____19th____ day of February, 2014.

_____
UNITED STATES DISTRICT JUDGE

13