# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PAUL DAVIS,

      Petitioner,

vs.

D.W. NEVEN, *et al.*,

      Respondents.

Case No. 2:12-cv-00984-JCM-PAL

**ORDER**

      This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.  This matter comes before the court on the merits of the remaining grounds of the amended petition.

**I.  Procedural History**

      On November 24, 2008, petitioner was convicted, pursuant to a jury trial, of burglary and possession of a controlled substance with intent to sell.  (Exhibit 30).[1]  Petitioner was adjudicated a habitual criminal and sentenced to life in prison with parole eligibility beginning after 10 years, plus

---

[1]  The exhibits referenced in this order are found in the court's record at ECF Nos. 7, 9, & 10.

a concurrent term of 19-48 months. (*Id.*). On February 3, 2010, petitioner's convictions were affirmed on direct appeal by the Nevada Supreme Court. (Exhibit 44).

On February 15, 2011, petitioner filed a *pro se* post-conviction habeas petition in state district court. (Exhibit 49). On June 22, 2011, the state district court denied the petition. (Exhibit 52). On March 7, 2002, the Nevada Supreme Court affirmed the denial of the petition. (Exhibit 59). Remittitur issued on April 3, 2012. (Exhibit 60).

Petitioner initiated the instant action with a federal habeas petition signed on May 25, 2012. (ECF No. 1). Respondents filed a motion to dismiss the petition on December 12, 2012. (ECF No. 6). On February 8, 2013, petitioner filed a response to the motion to dismiss in which he requested leave to file an amended petition. (ECF No. 14). On the same date, petitioner's amended petition was filed by the clerk of court. (ECF No. 13). By order filed June 28, 2013, the court granted petitioner's motion to file the amended petition and denied respondents' motion to dismiss without prejudice. (ECF No. 19). The amended petition contains eight grounds for relief. (ECF No. 13). Respondents moved to dismiss certain grounds of the amended petition. (ECF No. 21). By order filed February 19, 2014, this court granted the motion and dismissed all grounds of the amended petition except grounds 1 and 7. (ECF No. 25). Respondents have filed an answer to grounds 1 and 7 of the amended petition. (ECF No. 26). Petitioner has filed a reply to the answer. (ECF No. 30).

## II. Federal Habeas Corpus Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

1    The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications

2    in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect

3    to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state court

4    decision is contrary to clearly established Supreme Court precedent, within the meaning of 28

5    U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the

6    Supreme Court's] cases" or "if the state court confronts a set of facts that are materially

7    indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result

8    different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003)

9    (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685,

10   694 (2002)).  The formidable standard set forth in section 2254(d) reflects the view that habeas

11   corpus is "'a guard against extreme malfunctions in the state criminal justice systems,' not a

12   substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03

13   (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

14   A state court decision is an unreasonable application of clearly established Supreme Court

15   precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct

16   governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

17   principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*,

18   529 U.S. at 413).  The "unreasonable application" clause requires the state court decision to be more

19   than merely incorrect or erroneous; the state court's application of clearly established federal law

20   must be objectively unreasonable.  *Id.* (quoting *Williams*, 529 U.S. at 409).  In determining whether

21   a state court decision is contrary to, or an unreasonable application of federal law, this Court looks

22   to the state courts' last reasoned decision.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991);

23   *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

24   In a federal habeas proceeding, "a determination of a factual issue made by a State court

25   shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the

26   presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  If a claim

27   has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the

28

1  burden set in § 2254(d) and (e) on the record that was before the state court. *Cullen v. Pinholster,*

2  131 S.Ct. 1388, 1400 (2011).

3  **III.  Discussion**

4      **A.  Ground 1**

5      Petitioner alleges that his trial and appellate counsel were ineffective, depriving him of his

6  Sixth Amendment right to the effective assistance of counsel.  (ECF No. 13, at pp. 3-4).

7      Ineffective assistance of counsel claims are governed by the two-part test announced in

8  *Strickland v. Washington,* 466 U.S. 668 (1984).  In *Strickland,* the Supreme Court held that a

9  petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1)

10  counsel's performance was unreasonably deficient, and (2) that the deficient performance prejudiced

11  the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687).

12  To establish ineffectiveness, the defendant must show that counsel's representation fell below an

13  objective standard of reasonableness. *Id.*  To establish prejudice, the defendant must show that there

14  is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

15  would have been different. *Id.*  A reasonable probability is "probability sufficient to undermine

16  confidence in the outcome." *Id.*  Additionally, any review of the attorney's performance must be

17  "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in

18  order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689.  It is the petitioner's

19  burden to overcome the presumption that counsel's actions might be considered sound trial strategy.

20  *Id.*

21      Ineffective assistance of counsel under *Strickland* requires a showing of deficient

22  performance of counsel resulting in prejudice, "with performance being measured against an

23  'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v.*

24  *Beard,* 545 U.S. 374, 380 (2005) (quotations omitted).  If the state court has already rejected an

25  ineffective assistance claim, a federal habeas court may only grant relief if that decision was

26  contrary to, or an unreasonable application of the *Strickland* standard.  *See Yarborough v. Gentry,*

27  540 U.S. 1, 5 (2003).  There is a strong presumption that counsel's conduct falls within the wide

28  range of reasonable professional assistance. *Id.*

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 112-113, 129 S.Ct. 1411, 1413 (2009)).  In *Cullen v. Pinholster*, the Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . . through the 'deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted).  Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S.Ct. at 1398-1401.  "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 689).   "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id.* (internal quotations and citations omitted).

The *Strickland* standard also applies to claims of ineffective appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000).  Appellate counsel has no constitutional duty to raise every non-frivolous issue requested by the client. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).  To state a claim of ineffective assistance of appellate counsel, a petitioner must demonstrate: (1) that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the resulting prejudice was such that the omitted issue would have a reasonable probability of success on appeal. *Id.*  "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues. *Id*. at 751-52.  Petitioner must show that his counsel unreasonably failed to discover and file nonfrivolous issues. *Delgado v. Lewis*, 223 F.3d 976, 980 (9th Cir. 2000).  It is inappropriate to focus on what could have been done rather than focusing on the reasonableness of what counsel did. *Williams v. Woodford*, 384 F.3d 567. 616 (9th Cir. 2004) (citation omitted).

1        In the amended petition filed in this action, petitioner asserts that his Sixth Amendment right

2   to the effective assistance of counsel was violated because: (a) trial counsel failed to compel

3   discovery or investigate the loss of exculpatory evidence; (b) trial counsel failed to effect "sound

4   strategy" regarding the defense of mistaken identity; (c) trial counsel failed to subject the

5   prosecution to meaningful adversarial testing through cross-examination and objection; (d) trial

6   counsel filed motions that misstated the facts; (e) trial and appellate counsel failed to object to the

7   admission of unsubstantiated prior convictions regarding the habitual criminal adjudication; and (f)

8   trial and appellate counsel failed to interview potential witnesses.  (ECF No. 13, at pp. 3-4).

9   Petitioner presented these claims in his state post-conviction habeas petition.  (Exhibit 49).  The

10  state district court rejected petitioner's claims.  (Exhibit 52).  On appeal from the denial of his state

11  habeas petition, the Nevada Supreme Court affirmed the denial of petitioner's claims, as follows:

12
13       First, appellant claimed that counsel was ineffective for failing to
         compel discovery or investigate when discovery had been lost.
14       Appellant failed to demonstrate that counsel was deficient or that he
         was prejudiced.  Counsel challenged the lack of voluntary witness
15       statements and a missing report prior to trial.  The State claimed that
         there were no witness statements and that after a search of both the
16       State's files and police files, the report did not exist.  The district
         court determined that the statements and the report likely did not
17       exist, and that if they were discovered later, the State would not be
         allowed to use them against appellant.  Further, appellant failed to
18       demonstrate a reasonable probability of a different outcome at trial
         had counsel compelled further discovery or investigated the alleged
19       lost evidence.  Therefore, the district court did not err in denying this
         claim.

20       Appellant also claimed that counsel was ineffective for failing to
         effect sound strategy, failing to correctly state facts in pretrial
21       motions, failing to object to the admission of prior convictions at
         sentencing, and failing to interview the victims or the police involved.
22       Appellant failed to support these claims with specific facts that, if
         true, would entitle him to relief.  Hargrove v. State, 100 Nev. 498,
23       502, 686 P.2d 222, 225 (1984).  Therefore, the district court did not
         err in denying these claims.
24
    (Exhibit 59, at p. 2).  The factual findings of the state court are presumed correct.  28 U.S.C. §
25
    2254(e)(1).  This court has reviewed each of petitioner's sub-claims within ground 1.  As to the first
26
    sub-claim, that trial counsel failed compel discovery or investigate the loss of exculpatory evidence,
27
    the state court record belies petitioner's claim.  (See Exhibit 25A).  Petitioner has failed to
28

1   demonstrate that his counsel's performance was deficient or that he was prejudiced under

2   *Strickland*.  Petitioner's remaining sub-claims within ground 1 are too vague and conclusory to

3   warrant relief.  *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).  Although petitioner alleges that

4   trial counsel failed to effect "sound trial strategy" or subject the prosecution to meaningful

5   adversarial testing, he does not explain what actions trial counsel should have taken or how those

6   actions would have changed the result of the trial.  While petitioner alleges that counsel filed

7   motions that included incorrect facts, petitioner fails to explain what facts presented in those

8   motions were wrong or how correcting such facts would have changed the result of the trial.

9   Petitioner asserts that trial and appellate counsel were ineffective for failing to object to

10   "unsubstantiated prior convictions" for the purpose of habitual criminal adjudication, but he does

11   not specify which of his convictions should have been challenged or explain what basis counsel had

12   to challenge them.  Finally, petitioner alleges that trial and appellate counsel failed to interview

13   potential witnesses.  As to trial counsel, petitioner fails to identify which potential witnesses should

14   have been interviewed or explain what additional evidence such witnesses would have provided that

15   would have changed the result of the trial.  As to appellate counsel, petitioner fails to identify any

16   omitted issue regarding potential witnesses that would have had a reasonable probability of success

17   on appeal.  Because petitioner failed to make specific factual allegations which, if true, would have

18   entitled him to relief, the Nevada Supreme Court acted reasonably in summarily disposing of those

19   claims.  Petitioner has failed to demonstrate that his trial or appellate counsel's performance was

20   deficient or that he was prejudiced under *Strickland*.  Petitioner has failed to meet his burden of

21   proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable

22   application of, clearly established federal law, as determined by the United States Supreme Court, or

23   that the ruling was based on an unreasonable determination of the facts in light of the evidence

24   presented in the state court proceeding.  The court denies habeas relief as to the entirety of ground 1.

25   **B.  Ground 7**

26        Petitioner contends that his sentence of ten years to life in prison, based on his adjudication

27   as a habitual criminal, amounts to cruel and unusual punishment in violation of the Eighth

28   Amendment to the United States Constitution.  (ECF No. 13, at pp. 25-26).  The United States

1  Supreme Court has held that the Eighth Amendment contains a "narrow proportionality principle."

2  *Graham v. Florida*, 560 U.S. 48, 59-60 (2010) (internal quotation marks omitted).  This principle

3  "does not require strict proportionality between the crime and the sentence but rather forbids only

4  extreme sentences that are grossly disproportionate to the crime." *Id.* (internal quotations omitted).

5  Still, it is exceptionally difficult for a defendant to show that his sentence is unconstitutionally

6  disproportionate.  Several United States Supreme Court cases dictate upholding defendants'

7  sentence, even where the sentence seems harsh in light of the offense committed. *Ewing v.*

8  *California*, 538 U.S. 11 (2003) (upholding 25-year sentence of habitual criminal defendant for

9  stealing three golf clubs, holding that the states may dictate how they wish to deal with recidivism

10  issues); *Lockyer v. Andrade*, 538 U.S. 63 (2003) (50-years-to-life sentence for stealing $150 of

11  videotapes upheld under California's three-strikes law); *Hutto v. Davis*, 454 U.S. 370 (1982) (40-

12  year prison sentence upheld where defendant was convicted of possession with intent to sell nine

13  ounces of marijuana); *Rummel v. Estelle*, 445 U.S. 263 (1980) (life sentence upheld where

14  defendant was repeated offender and committed third felony of stealing $120).

15        Petitioner presented his Eighth Amendment claim on direct appeal to the Nevada Supreme

16  Court.  (Exhibit 37, at pp. 13-15).  The Nevada Supreme Court denied the claim, as follows:

17           [A]ppellant contends that his sentence for burglary constitutes cruel
             and unusual punishment.  Based on appellant's prior convictions, he
18           was adjudicated a habitual criminal and sentenced to life in prison
             with the possibility of parole.  Because the sentence falls within
19           statutory limits, see NRS 205.060, NRS 207.010, and is not unduly
             disproportionate to the crime, the punishment is not cruel and unusual.
20           See Allred v. State, 120 Nev. 410, 421, 92 P.3d 1246, 1254 (2004).

21  (Exhibit 44, at pp. 3).  The factual findings of the state court are presumed correct.  28 U.S.C. §

22  2254(e)(1).  Petitioner's sentence is not unduly disproportionate to his crimes, particularly

23  considering his adjudication as a habitual criminal.  Petitioner has failed to meet his burden of

24  proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable

25  application of, clearly established federal law, as determined by the United States Supreme Court, or

26  that the ruling was based on an unreasonable determination of the facts in light of the evidence

27  presented in the state court proceeding.  Federal habeas relief is denied as to ground 2 of the

28  amended petition.

**IV.  Certificate of Appealability**

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  In order to proceed with his appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*  In this case, no reasonable jurist would find this court's denial of the petition debatable or wrong.  The court therefore denies petitioner a certificate of appealability.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that the amended petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the clerk of court **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated December 17, 2015.

UNITED STATES DISTRICT JUDGE